IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELI LILLY AND COMPANY and THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>     Plaintiffs,<br><br>v.<br><br>APP PHARMACEUTICALS, LLC,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)  Civil Case No. 08-0384-GMS<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER AND COUNTERCLAIMS OF
DEFENDANT APP PHARMACEUTICALS, LLC**

Defendant, APP Pharmaceuticals, LLC ("APP") hereby answers the numbered paragraphs of the Complaint filed by Eli Lilly and Company ("Lilly") and the Trustees of Princeton University ("Princeton") (collectively referred to as "Plaintiffs") as follows:

1.   APP admits that the Complaint purports to state an action that arises under the patent laws of the United States, Title 35, United States Code. APP further admits that APP filed an Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell Pemetrexed Disodium for Injection, 500 mg/vial, prior to the expiration of U.S. Patent No. 5,344,932 ("the '932 patent"). APP denies the remaining allegations set forth in paragraph 1.

**PARTIES**

2.   APP is without sufficient knowledge or information to respond to the allegations set forth in paragraph 2, and therefore denies them.

3.   APP is without sufficient knowledge or information to respond to the allegations set forth in paragraph 3, and therefore denies them.

4.  APP admits the allegations in paragraph 4.

### JURISDICTION AND VENUE

5.  APP admits that subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a). For purposes of this action only, APP does not contest personal jurisdiction or venue. APP denies the remaining allegations in paragraph 5.

### BACKGROUND

6.  APP is without sufficient knowledge or information to respond to the allegations in paragraph 6, and therefore denies them.

7.  Upon information and belief, APP admits the allegations in paragraph 7.

### COUNT 1 – U.S. PATENT NO. 5,344,932

8.  APP reasserts and incorporates by reference each of its answers to paragraphs 1-7 as if fully set forth herein.

9.  APP admits that United States Patent No. 5,344,932 ("the '932 patent"), according to its face, is entitled "N-(pyrrolo(2,3-d)pyrimidin-3-ylacyl)-Glutamic Acid Derivatives" and issued on September 6, 1994. APP also admits that according to the face of the '932 patent, the '932 patent is assigned to Princeton. APP further admits that what is purportedly a true and correct copy of the '932 patent is attached to the Complaint as Exhibit A. APP denies the remaining allegations in paragraph 9.

10. APP is without sufficient knowledge or information to respond to the allegation that Princeton owns the '932 patent, and therefore denies it. APP denies the remaining allegations in paragraph 10.

11.  APP is without sufficient knowledge or information to respond to the allegation that Lilly has been granted an exclusive license under the '932 patent, and therefore denies it. APP denies the remaining allegations in paragraph 11.

12.  Upon information and belief, APP admits that the '932 patent is listed under ALIMTA® in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations*. APP is without sufficient knowledge or information to respond to the remaining allegations in paragraph 12, and therefore denies them.

13.  APP admits that, by letter dated April 24, 2008 ("the Notice Letter"), APP notified Lilly, Princeton, and Bruce M. Collins, Esq. that APP had submitted to the FDA an ANDA No. 90-384 for Pemetrexed Disodium for Injection, 500 mg/vial ("APP's ANDA Product"). APP further admits that APP submitted ANDA No. 90-384 seeking FDA approval of APP's ANDA Product prior to the expiration of the '932 patent. APP denies the remaining allegations in paragraph 13.

14.  APP admits that in the Notice Letter, APP notified Lilly and Princeton that, ANDA No. 90-384 included a certification pursuant to 21 U.S.C. §355 (j)(2)(A)(vii)(IV), with respect to the '932 patent. APP further admits that APP submitted ANDA No. 90-384 to FDA containing a certification pursuant to 21 U.S.C. §355 (j)(2)(A)(vii)(IV) asserting that the '932 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of APP's ANDA Product. APP denies the remaining allegations in paragraph 14.

15.  APP denies the allegations in paragraph 15.

16.  APP admits the allegations in paragraph 16.

17. APP admits that APP filed ANDA No. 90-384 seeking FDA approval for APP's ANDA Product prior to the expiration of the '932 patent. APP denies the remaining allegations in paragraph 17.

18. APP denies the allegations in paragraph 18.

19. APP admits that APP filed ANDA No. 90-384 seeking FDA approval for APP's ANDA Product prior to the expiration of the '932 patent. APP denies the remaining allegations in paragraph 19.

20. APP denies the allegations in paragraph 20.

21. APP admits that APP filed ANDA No. 90-384 seeking FDA approval for APP's ANDA Product prior to the expiration of the '932 patent. APP denies the remaining allegations in paragraph 21.

22. APP admits that APP filed ANDA No. 90-384 seeking FDA approval for APP's ANDA Product prior to the expiration of the '932 patent. APP denies the remaining allegations in paragraph 22.

23. APP admits that APP filed ANDA No. 90-384 seeking FDA approval for APP's ANDA Product prior to the expiration of the '932 patent. APP denies the remaining allegations in paragraph 23.

24. APP denies the allegations in paragraph 24.

25. APP denies the allegations in paragraph 25.

26. APP denies the allegations in paragraph 26.

## PRAYER FOR RELIEF

27. APP denies that Plaintiffs Lilly and Princeton are entitled to the judgment and relief set forth in the Prayer for Relief in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

28. APP's ANDA Product that is the subject of APP's ANDA No. 90-384 does not and will not infringe any valid and enforceable claim of the '932 patent.

### SECOND AFFIRMATIVE DEFENSE

29. Each of the claims of the '932 patent allegedly infringed by APP are invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. § 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

30. Each of the claims of the '932 patent allegedly infringed by APP are invalid for double patenting.

### COUNTERCLAIMS

31. Defendant/Counterclaim-Plaintiff APP Pharmaceuticals, LLC ("APP") brings the following Counterclaims against Plaintiffs/Counterclaim-Defendants Eli Lilly and Company ("Lilly") and The Trustees of Princeton University ("Princeton") (collectively referred to as "Counterclaim-Defendants") for declaratory judgment that the '932 patent is invalid and not infringed by APP's Pemetrexed Disodium for Injection, 500 mg/vial ("APP's ANDA Product") that is the subject of ANDA No. 90-384.

### PARTIES

32. Counterclaim-Plaintiff APP is a Delaware corporation with its principal place of business at 1501 East Woodfield Road, Suite 300 East, Schaumburg, Illinois 60173.

33. On information and belief, Counterclaim-Defendant Lilly is a corporation organized and existing under the laws of the State of Indiana, having its corporate offices and principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

34. On information and belief, Counterclaim-Defendant Princeton is a not-for-profit educational institution organized and existing under the laws of the state of New Jersey, having a place of business at One Nassau Hall, Princeton, New Jersey 08540.

### JURISDICTION AND VENUE

35. These counterclaims seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

36. This is an action based upon an actual controversy between Counterclaim-Plaintiff APP and Counterclaim-Defendants Lilly and Princeton concerning the invalidity and noninfringement of the '932 patent, and APP's right to seek approval of APP's ANDA product, and, upon approval by the FDA, to manufacture, import, use, market, sell and offer to sell APP's ANDA Product in the United States.

37. The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202 and 35 U.S.C. § 271(e)(2).

38. Venue is proper under 28 U.S.C. §§ 1391, 1400(b), and by Counterclaim-Defendants' choice of forum.

39. APP has been and presently is engaged in the submission of an ANDA for FDA approval to engage in the commercial manufacture, importation, use, or sale of APP's ANDA Product, which Counterclaim-Defendants have alleged infringes or will infringe the '932 patent.

40. In view of the foregoing, a conflict of asserted rights has arisen between APP and Counterclaim-Defendants with respect to the infringement and validity of the claims of the '932

patent, and as to APP's right to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale, or sale of APP's ANDA Product. Accordingly, an actual controversy exists between APP and Counterclaim-Defendants.

### FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT

41. APP reasserts and incorporates by reference each of paragraphs 31–40 as if fully set forth herein.

42. APP does not infringe any valid and enforceable claim of the '932 patent.

### SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY

43. APP reasserts and incorporates by reference each of paragraphs 31-42 as if fully set forth herein.

44. The claims of the '932 patent are invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. § 101, 102, 103 and/or 112.

45. Each of the claims of the '932 patent allegedly infringed by APP are invalid for double patenting.

### PRAYER FOR RELIEF

**WHEREFORE**, APP requests entry of a judgment:

A. That all claims against APP be dismissed with prejudice and that all relief requested by Plaintiffs be denied;

B. That judgment be entered that APP has not infringed and does not infringe any valid claim of U.S. Patent No. 5,344,932, and that APP has a lawful right to obtain FDA approval of APP's ANDA Product, and further that APP has a lawful right to manufacture, import, sell and/or offer to sell APP's ANDA Product in the United States once approved by the FDA;

C. That a judgment be entered declaring the claims of United States Patent No. 5,344,932 invalid;

D. That Plaintiffs and their agents, representatives, attorneys and those persons in active concert or participation with them who receive actual notice hereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against APP or its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of APP, or charging it either orally or in writing with infringement of United States Patent No. 5,344,932;

E. That a judgment be entered declaring this action is an exceptional case under 35 U.S.C. § 285 and that APP is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

F. That APP be awarded costs, attorneys fees and other relief, both legal and equitable, to which they may be justly entitled; and

G. That APP be awarded such other and further relief as is just and proper.

8

Dated: August 7, 2008                LEYDIG, VOIT & MAYER, LTD.

_____
Robert F. Green, Esq.
Steven H. Sklar, Esq.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
(312) 616-5600

Attorneys for Defendant
*APP PHARMACEUTICALS, LLC.*

## CERTIFICATE OF SERVICE

I, Robert F. Green, Esquire, hereby certify that on August 7, 2008, copies of the foregoing document were served by e-mail and overnight courier on the following:

Fredrick L. Cottrell, III, Esquire (Cottrell@rlf.com)
Anne Shea Gaza, Esquire (Gaza@rlf.com)
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19801

Bruce R. Genderson, Esquire (bgenderson@wc.com)
Adam L. Perlman, Esquire (aperlmand@wc.com)
Ellen E. Oberwetter, Esquire (eoberwetter@wc.com)
Dov P. Grossman, Esquire (dgrossman@wc.com)
David M. Krinksy, Esquire (dkrinsky@wc.com)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

LEYDIG, VOIT & MAYER, LTD.

_____
Robert F. Green, Esq.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
(312) 616-5600