IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ELI LILLY AND COMPANY and THE TRUSTEES OF PRINCETON UNIVERSITY,

Plaintiffs,

v.

APP PHARMACEUTICALS, LLC,

Defendant.

Civil Action No. 08-384-GMS

**ANSWER OF PLAINTIFFS ELI LILLY AND COMPANY AND THE TRUSTEES OF PRINCETON UNIVERSITY TO COUNTERCLAIMS OF DEFENDANT APP PHARMACEUTICALS, LLC**

Plaintiffs Eli Lilly and Company and The Trustees of Princeton University (collectively "Plaintiffs"), by their attorneys, hereby answer the Counterclaims of Defendant APP Pharmaceuticals, LLC ("APP") as follows:

31. With respect to the allegations of paragraph 31 of APP's Counterclaims, Plaintiffs admit that APP purports to assert counterclaims for declaratory judgment with respect to APP's Pemetrexed Disodium for Injection, 500 mg/vial ("APP's ANDA Product"), a drug product that is a generic version of ALIMTA®, but Plaintiffs deny that APP is entitled to any relief with respect to its counterclaims. Plaintiffs deny the remaining allegations contained in paragraph 31 of APP's Counterclaims.

32. With respect to the allegations of paragraph 32 of APP's Counterclaims, APP admitted in paragraph 4 of its Answer to Plaintiffs' Complaint that it is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1501 East Woodfield Road, Suite 300 East, Schaumburg, Illinois 60173-

5837. Accordingly, the allegation that APP is a Delaware corporation is denied. Plaintiffs are without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 32 of APP's Counterclaims, and therefore deny the allegations.

33. Plaintiffs admit the allegations contained in paragraph 33 of APP's Counterclaims.

34. Plaintiffs admit the allegations contained in paragraph 34 of APP's Counterclaims.

35. With respect to the allegations of paragraph 35 of APP's Counterclaims, Plaintiffs admit that APP purports to assert counterclaims for declaratory judgment, but deny that APP is entitled to any relief with respect to its counterclaims. Plaintiffs deny the remaining allegations contained in paragraph 35 of APP's Counterclaims.

36. Paragraph 36 of APP's Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 36 of APP's Counterclaims, except that Plaintiffs admit that an actual controversy exists between the parties.

37. Paragraph 37 of APP's Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that this Court has subject matter jurisdiction over APP's Counterclaims. Plaintiffs deny the remaining allegations contained in paragraph 37 of APP's Counterclaims.

38. Paragraph 38 of APP's Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that venue is proper in this forum. Plaintiffs deny the remaining allegations contained in paragraph 38 of APP's Counterclaims.

39. With respect to the allegations of paragraph 39 of APP's Counterclaims, Plaintiffs admit, based on APP's admission that it did so in its Answer to Plaintiffs' Complaint, that APP has filed an ANDA seeking FDA approval for APP's ANDA Product. Plaintiffs further admit that APP's submission of its ANDA for APP's ANDA Product constitutes an act of infringement of the '932 patent, that the commercial manufacture, importation, use, or sale of APP's ANDA Product prior to the expiration of the '932 patent would infringe the '932 patent, and that Plaintiffs have alleged in their Complaint that APP has infringed and will infringe the '932 patent. Plaintiffs deny the remaining allegations in contained paragraph 39 of APP's Counterclaims.

40. Paragraph 40 of APP's Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in paragraph 40 of APP's Counterclaims, except that Plaintiffs admit that an actual controversy exists between the parties.

**FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT**

41. Plaintiffs incorporate by reference each of the preceding paragraphs 31-40 as if fully set forth herein.

42. Plaintiffs deny the allegations contained in paragraph 42 of APP's Counterclaims.

**SECOND COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT**

43. Plaintiffs incorporate by reference each of the preceding paragraphs 31-42 as if fully set forth herein.

44. Plaintiffs deny the allegations contained in paragraph 44 of APP's Counterclaims.

45. Plaintiffs deny the allegations contained in paragraph 45 of APP's Counterclaims.

Plaintiffs deny that APP is entitled to any relief requested in its prayer for relief or any relief whatsoever.

Any and all allegations contained in APP's Counterclaims not explicitly admitted herein are hereby denied.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment dismissing all of APP's Counterclaims with prejudice and denying all relief sought by APP;

(b) A judgment that APP has infringed the '932 patent;

(c) A judgment that the '932 patent is valid;

(d) A judgment ordering that the effective date of any FDA approval for APP to make, use, offer for sale, sell, market, distribute, or import APP's ANDA Product, or any product or compound that infringes the '932 patent, be not earlier than the expiration date of the '932 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(e) A preliminary and permanent injunction enjoining APP, and all persons acting in concert with APP, from making, using, selling, offering for sale, marketing, distributing, or importing APP's ANDA Product, or any product or compound that infringes the '932 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '932 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(f) A judgment declaring that making, using, selling, offering for sale,

marketing, distributing, or importing APP's ANDA Product, or any product or compound that infringes the '932 patent, prior to the expiration date of the '932 patent, will infringe, actively induce infringement of, and contribute to the infringement by others of the '932 patent;

(g) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h) An award of Plaintiffs' costs and expenses in this action; and

(i) Such further and other relief as this Court may deem just and proper.

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
(302) 651-7701 (Facsimile)

*Attorneys for Plaintiffs Eli Lilly and Company and The Trustees of Princeton University*

OF COUNSEL:
Bruce R. Genderson
Adam L. Perlman
Ellen E. Oberwetter
Dov P. Grossman
David M. Krinsky
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
(202) 434-5029 (Facsimile)

Dated: August 27, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2008, I caused to be served by electronic mail and by Federal Express the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Robert F. Green, Esq.
(rgreen@leydig.com)
Steven H. Sklar, Esq.
(ssklar@leydig.com)
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601

Anne Shea Gaza (#4093)
gaza@rlf.com